UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Liliana Carolina Yanes, | ) |
|                 Plaintiff(s), | ) |
| -against- | ) **Case No.** |
| Nilkhant 2 Car Wash, LLC d/b/a Bethpage Car Wash, Rakeshbhai Patel, Darpan Patel and Ronak Patel, | ) |
|                 Defendant(s). | ) |

Plaintiff files this COMPLAINT against the defendants and alleges as follows:

## INTRODUCTION

1. Defendants Nilkhant 2 Car Wash, LLC d/b/a Bethpage Car Wash, Rakeshbhai Patel, Darpan Patel and Ronak Patel discriminated against the Plaintiff Liliana Carolina Yanes ("Liliana"), a mother of three, on the basis of sex, pregnancy, disability and family status in violation of Title VII Civil Rights Act and the New York State Human Rights Law.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

4. The Plaintiff filed a charge of discrimination with the EEOC on December 16, 2023. Her charge was assigned No. 520-2024-01676.

5. As of June 25, 2024, more than 180 days had elapsed since the filing of the

charge, and the Plaintiff requested that the EEOC issue a "right to sue" letter.

6. On January 13, 2025, the Plaintiff received a Notice of Right to Sue from the EEOC, a copy of which is annexed hereto as Exhibit 1.

## PARTIES

### *Plaintiff*

*Liliana Carolina Yanes*

7. Plaintiff Liliana Carolina Yanes is a natural person who resides in Nassau County, New York.

8. Liliana Carolina Yanes was an employee of Defendant Nilkhant 2 Car Wash, LLC.

### *Defendants*

*Nilkhant 2 Car Wash, LLC*

9. Defendant Nilkhant 2 Car Wash, LLC is a domestic limited liability company formed under the laws of the State of New York.

10. Nilkhant 2 Car Wash, LLC does business as the "Bethpage Car Wash.,"

11. Defendant's principal place of business is located at 4110 Hempstead Turnpike, Bethpage, New York 11714.

12. Nilkhant 2 Car Wash, LLC ("Nilkhant" or "the Bethpage Car Wash") is an employer with 15 or more employees.

13. The Bethpage Car Wash employed the Plaintiff.

### *Rakeshbhai Patel*

14. Rakeshbhai Patel is a natural person who resides in Queens County, New York.

15. Upon information and belief, Rakeshbhai Patel was a member of (and had an ownership interest in) the Bethpage Car Wash during the Plaintiff's employment (the "relevant time period.").

16. Upon information and belief, Rakeshbhai Patel was a manager and/or managing member of Nilkhant during the relevant time period.

17. Upon information and belief, Rakeshbhai Patel had the power to make personnel decisions, appoint and hire the plaintiff's supervisors, and to formulate the corporate defendant's policies and practices concerning employment discrimination.

18. Rakeshbhai Patel employed the Plaintiff.

*Darpan Patel*

19. Darpan Patel is a natural person who resides in Queens County, New York.

20. Upon information and belief, Darpan Patel was a member of (and had an ownership interest in) Nilkhant during the relevant time period.

21. Upon information and belief, Darpan Patel was a manager and/or managing member of Nilkhant during the relevant time period.

22. Upon information and belief, Darpan Patel had the power to make personnel decisions, appoint and hire the plaintiff's supervisors, and to formulate the corporate defendant's policies and practices concerning employment discrimination.

23. Darpan Patel employed the Plaintiff.

*Ronak Patel*

24. Ronak Patel is a natural person who resides in Queens County, New York.

25. Upon information and belief, Ronak Patel was a member of (and had an ownership interest in) Nilkhant during the relevant time period.

26. Upon information and belief, Ronak Patel was a manager and/or managing member of Nilkhant during the relevant time period.

27. Upon information and belief, Ronak Patel had the power to make personnel decisions, appoint and hire the plaintiff's supervisors, and to formulate the corporate defendant's

policies and practices concerning employment discrimination.

28. Ronak Patel employed the Plaintiff.

## FACTS

29. The Plaintiff Liliana Carolina Yanes ("Liliana") is a Hispanic female in her mid thirties.

30. Liliana speaks limited English and, compared to the Defendants, is unsophisticated.

31. Liliana was employed by Nilkhant from Approximately March 15, 2020 until on or about July 18, 2023.

32. When she began working at the car wash, Liliana was a single mother of two young children (both girls), approximately ages 5 and 7.

33. The Defendants were aware that Liliana was a single mother of two young children.

34. The Defendants failed to provide any sick pay to Liliana as required by the New York Labor Law.

35. The Defendants never informed the Plaintiff of her rights under federal law, including those concerning job discrimination based on sex (including pregnancy and related conditions) or disability.

36. The Defendants never informed the Plaintiff of her rights under New York State law, including those concerning job discrimination based upon sex, disability and familial status.

37. The Defendants never informed the Plaintiff of the federal protections against retaliation for reasonably opposing discrimination.

38. In October 2022 Liliana became pregnant.

39. In approximately March or April 2023 she informed Orlando, a supervisor at the car wash, that she was pregnant and was having difficulty getting in and out of vehicles because of her pregnancy.

40. One of Liliana's co-workers became hostile and physically threatening. This female co-worker closed a car door striking the side of Liliana's head. On another occasion the same co-worker hit Liliana's belly with a bucket while the co-worker was carrying it.

41. Liliana complained to Orlando about the harassment.

42. The Defendants did not take steps to protect Liliana.

43. Liliana was also singled out for unfair and unequal discipline. For example, two of her female co-workers were fighting. She took a video of the incident and reported it. Orlando let the two women who were fighting remain at work, and sent Liliana home.

44. Liliana was assigned to tasks that were difficult for her, such as applying Armor-All to the tires, which required a lot of bending and twisting, even though she told Orlando that this was especially difficult for her.

45. Liliana informed "Merritt", the cashier/manager, that she would work until July 24, 2023, after which she would take time off to care for her baby.

46. The Defendants were aware that Liliana already had two children at home that she needed to provide for.

47. Each workweek the Defendants deducted premiums from Liliana's paycheck for paid family leave ("PFL") insurance and New York State Disability Insurance.

48. Nevertheless, the Defendants never advised Liliana of her right to take paid family leave or to apply for disability.

49. On or about Jul 20, 2023, Liliana was sent to the hospital from a doctor's appointment.

50. Liliana remained at the hospital until she gave birth to a baby boy, Noah, on July 22, 2023 via cesarian section.

51. Liliana had no source of income after giving birth to her son.

52. On July 24, 2023 a doctor informed Liliana that the recovery time for her c-section would be at least 6 weeks. The doctor provided Liliana with a form to give to her employer in order to receive disability and/or PFL.

53. On July 24, 2023, only two days after her c-section Liliana personally brought the disability/PFL paperwork to the car wash.

54. The car wash manager Merritt refused to accept the papers.

55. Liliana returned to the doctor and explained that her employer had refused to accept the paperwork.

56. The doctor wrote a letter to the employer explaining that it was the employer's responsibility to complete and submit the form.

57. Liliana returned to the car wash and personally gave the papers to the manager.

58. After a month Liliana still hadn't received any disability/PFL payments, nor had she received any paid maternity leave or sick pay.

59. Liliana texted the car wash manager, who responded that she had not yet completed the PFL/disability paperwork and was busy and to not bother her.

60. Defendants ignored Plaintiff's request for PFL and/or disability.

61. As of early September 2023, Liliana had not yet received any PFL/disability, sick pay or paid maternity leave.

62. In early September a doctor gave Liliana a note saying she was able to return to work on September 18, 2023.

63. On September 6, 2023, Liliana texted a photo of the letter to the car wash manager Merritt, adding "I can start work again on the 18th. I would like to know if you'll still be needing me or not."

64. Merritt immediately responded "No sorry. I replaced you."

65. On October 11, 2023 the Plaintiff mailed a PFL claim form to the car wash, and specifically asked the defendants to complete the form and send it to their PFL carrier, AmGuard Insurance.

66. Defendants ignored the October 11, 2023 letter.

67. On October 24, 2023, Liliana's attorney sent a letter to the Defendants once again advising them that they had failed to provide Liliana with written guidance concerning her NY Paid Family Leave benefits, including how to file a request for Paid Family Leave, and had refused/failed to complete Part B - Employer Information of the PFL-1 (Request for Paid Family Leave).

68. Defendants ignored the October 24, 2023 letter.

69. Plaintiff was forced to treat the defendants' failure to process her claim as a denial, and filed a demand for arbitration against the insurer.

70. Under the threat of arbitration, the Defendants finally furnished the required paperwork to AmGuard on December 19, 2023.

71. As a result of the Defendants' actions as detailed herein, Liliana suffered financial damages including loss of income.

72. As a result of the Defendants' actions as detailed herein, Liliana suffered stress, anxiety, worry, sadness and feelings of victimization.

73. The Defendants, by firing the Plaintiff shortly after she gave birth and leaving her without income to support her children, intentionally interfered with her enjoyment of being a

new mother. Rather than focusing exclusively on her new baby, as was her natural right, she was faced with poverty and uncertainty.

74. Liliana is entitled to punitive damages against the Defendants because they acted with intentional malice, spite and cruelty.

75. Liliana is entitled to punitive damages against the Defendants because they intentionally sought to take advantage of her lack of sophistication and to deprive her of her rights under federal and state law.

## COUNT I

### Discrimination on the Basis of Sex in Violation of Title VII and the PDA

### Against Nilkhant 2 Car Wash, LLC

76. Title VII as codified within 42 U.S.C. § 2000e-2 prohibits discrimination based upon sex.

77. The PDA as codified at 42 U.S.C. § 2000e(k) prohibits discrimination based on pregnancy, childbirth, and related medical conditions.

78. As detailed in this complaint, Nilkhant discriminated against Plaintiff because of her pregnancy, childbirth and related medical conditions in violation of the PDA and Title VII.

79. Nilkhant engaged in engaged in intentional discrimination and has done so with malice or with reckless indifference to the Plaintiff's federally protected rights.'

80. Nilkhant is vicariously liable for the conduct of Merritt and Orlando inasmuch as their conduct was in the character of a supervisor and was endorsed or ignored by the owners.

## COUNT II

### Failure to Accommodate in Violation of the Pregnant Workers Fairness Act (PWFA)

### Against Nilkhant 2 Car Wash, LLC

81. The Pregnant Workers Fairness Act (PWFA) requires a covered employer to provide a "reasonable accommodation" to an employee's known limitations related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions.

82. As detailed in this complaint, Nilkhant failed to accommodate the Plaintiff's known limitations related to her pregnancy and childbirth.

83. Nilkhant intentionally failed to accommodate the Plaintiff, and acted with malice or with reckless indifference to the Plaintiff's federally protected rights.'

84. Nilkhant is vicariously liable for the conduct of Merritt and Orlando inasmuch as their conduct was in the character of a supervisor and was endorsed or ignored by the owners.

## COUNT III

### Retaliation in Violation of the PWFA

### Against Nilkhant 2 Car Wash, LLC

85. Plaintiff requested accommodations at work related to her pregnancy.

86. Plaintiff's request for time off after giving birth constituted a request for a reasonable accommodation under the PWFA.

87. As detailed in this complaint Nilkhant retaliated against the Plaintiff for requesting reasonable accommodations related to her pregnancy and childbirth.

88. Nilkhant intentionally retaliated against the Plaintiff, and acted with malice or with reckless indifference to the Plaintiff's federally protected rights.'

89. Nilkhant is vicariously liable for the conduct of Merritt and Orlando inasmuch as their conduct was in the character of a supervisor and was endorsed or ignored by the owners.

## COUNT IV

### Discrimination on the Basis of Disability in Violation of the NYSHRL

### Against all Defendants

90. Section 296 of the NYSHRL prohibits discrimination on the basis of disability.

91. Plaintiff suffered from a disability as defined by the NYSHRL.

92. As detailed in this complaint, defendants discriminated against the Plaintiff based on her disability or perceived disability.

## COUNT V

### Failure to Accommodate in Violation of the NYSHRL

### Against All Defendants

93. Section 296 of the NYSHRL makes it unlawful to refuse to provide reasonable accommodations to the known disabilities, or pregnancy-related conditions, of an employee.

94. As detailed in this complaint, Defendants failed to accommodate the Plaintiff's known disabilities and/or pregnancy-related conditions.

## COUNT V

### Discrimination on the Basis of Sex in Violation of the NYSHRL

### Against all Defendants

95. Section 296 of the NYSHRL prohibits discrimination based on sex, which includes pregnancy and medical conditions relating to pregnancy.

96. As detailed in this complaint, defendants discriminated against the Plaintiff based on her pregnancy and related medical conditions.

## COUNT VI

### Discrimination on the Basis of Familial Status in Violation of the NYSHRL

### Against all Defendants

97. Section 296 of the NYSHRL prohibits It is unlawful pursuant to the Human Rights Law for an employer to discriminate because of an individual's familial status, which includes pregnancy, childbirth, having children and status as a single mother.

98. As detailed in this complaint, defendants discriminated against the Plaintiff based on her familial status.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages as follows:

A. Lost income;

B. Emotional damages;

C. Pain and suffering;

D. Punitive damages;

E. Attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: March 10, 2025
　　　　Huntington, New York

　　　　　　　　　　　　　　　MOSER LAW FIRM, P.C.

　　　　　　　　　　　　　　　*Steven John Moser*
　　　　　　　　　　　　　　　Steven John Moser (SM6628)
　　　　　　　　　　　　　　　5 East Main Street
　　　　　　　　　　　　　　　Huntington, New York 11743
　　　　　　　　　　　　　　　steven.moser@moserlawfirm.com
　　　　　　　　　　　　　　　(631) 824-0200